**279**

William C. Troy
vs.
Providence Journal Company et al.

No. 43923

RESCRIPT
February 15, 1919
277, 278, 279

TANNER, P. J. This is an action for liberal and is heard upon plaintiff's motion to strike out certain special pleas of the defendents and also a notice filed by defendants that they will prove the truth of the libel.

First the plaintiff moves to strike out the second plea of the defendents because it is identically and substantially the same as the third and fourth pleas of the defendants.

Second, the plantiff moves to strike out the defendants' fourth plea because it is identically and substantially like the second and third pleas of the defendents.

Third, the plaintiff moves to strike out the notice in writing filed with the general issue by the defendants that they will prove the truth of the words published by them, on the ground that said notice is repugent to other pleas of the defendants.

As to the first motion, while the motion reads that the second plea is identical with the third and fourth pleas, we suppose the fair interpretation is that the motion means that it should be granted if the second plea is identical with either the third or fourth plea.

We do not think, however, that it is identical. The second plea is a general one that the statements are true in substance and in fact. The third plea is a detailed plea alleging specifically the truth of all the facts stated in the declaration and also alleging the truth of certain other facts which are not stated in the declaration but set up by way of defence as explanatory of the truth of the statements in the libel complained of.

**280**

The fourth plea is that, insofar as the alleged libel consists of allegations of fact the words are true in substance and in fact, and insofar as they consist of expressions of opinion, they are fair comments made in good faith and without malice, or that said facts are matters of public interest.

The second plea justifies as true all
279, 280

the statements contained in the libel.

The fourth plea justifies as true the allegations of fact and the expressions of opinion as fair comments.

The weight of authority is that a publication may express opinions so long as it states as facts only the truth, and as opinion only honest belief.

18th A & E, L & E. 1042 (c).

We think this is not inconsistent with the rule caimed by the plaintiff that charges imputing a criminal offence to a public officer cannot be false and privileged. If the criminal charges are not true in fact a·fair comment upon them would not be privileged, but if the criminal charges are true in fact, a fair comment made with good faith and without malice would, we think, be privileged.

The motions to strike out the special pleas are therefore denied.

The last motion is to strike out the notice filed by the defendants with their plea of general issue that they would prove the truth of the alleged libel. We are inclined to think that the purpose of giving such permission by statute was to enable a defendant to dispense with the necessity of technically pleading the truth and may fairly be said to be granted as an alternative to pleading the truth.

All the authorities we have seen hold that such notice of intention to prove truth must, however, be stated as fully and with as much certainty as would be required by special plea. We do not think it was intended that a defendant should have this privilege and also resort to special pleading. It would be almost certain to result in a duplication of statements and there is no reason why a plaintiff should avail himself of a privilege given by statute if he also intends to exercise his right of common law pleading. The notice given in the case at bar is quite apparently defective under the rule stated in being a bald statement of intenton to prove the truth. To deprive the defendants of it as pleaded we think would be, in any event, no loss.

The motion to strike out the notice of intention to prove the truth is granted.

For plaintiff: Joseph C. Cawley.

For defendant: Greenough, Easton & Cross.